**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis (AZ Bar No. 037343)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915

*Attorney for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CHRISTIE OSBORN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAVVY COFFEE COMPANY,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, Christie Osborn ("Plaintiff"), brings this action against Defendant, Javvy Coffee Company ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and to stop Defendant from violating the TCPA by directing its agents to make unsolicited sales calls and texts to consumers who are registered on the national Do Not Call registry ("DNC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant is a coffee company that provides various coffee-related products and beverages to consumers, across the United States.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the TCPA. Defendant placed telephonic sales calls to Plaintiff and the putative class members' residential telephone numbers in violation of the TCPA and the TCPA's corresponding regulations.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of CAFA jurisdiction and federal question jurisdiction are present.

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this District and Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the District of Arizona and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the District of Arizona.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Mohave County, Arizona.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 1460 (the "1460 Number") that received Defendant's text message solicitations.

10. Defendant is a South Carolina corporation whose principal place of business is at 1318 North Main Street, Suite 1101, Summerville, SC 2948.

11. Defendant directs, markets, and provides its business activities throughout United States and the State of Arizona.

12. Unless otherwise indicated, the use of Defendant 's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. Beginning at least on August 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 1460 Number, from Defendant's telephone short code number 71319 (as shown below):




14. On or about August 26, 2025, Plaintiff responded with the message "Stop" to Defendant's 71319 telephone short code number, using clear and unambiguous opt-out language to opt out of any further text message communications with Defendant (as shown below):




15. Despite Plaintiff´s unequivocal opt-out request, Defendant deliberately continued to send unwanted text messages to Plaintiff´s 1460 Number, demonstrating a willful and knowing disregard for Plaintiff's clearly expressed wishes (as shown above).

16. After receiving yet another unwanted text message on August 27, 2025, Plaintiff responded with "STOP" two more times on the same day attempting to end Defendant's persistent text messages (as shown below).




17. Despite Plaintiff's three explicit opt-out requests, Defendant continued sending unwanted text messages to Plaintiff's 1460 Number on August 28, 2025 (as shown above), demonstrating Defendant's systematic failure to maintain functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests.

18. Defendant’s text messages were transmitted to Plaintiff’s cellular telephone, and within the time frame relevant to this action.

19. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

20. As demonstrated by the above facts, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant "STOP" three times within two days, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

21. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

22. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list. In fact, Plaintiff, through counsel, made a request to Defendant for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

23. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

24. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

25. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

26. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made three explicit opt-out requests within two days and those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages after each opt-out request.

27. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

28. Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

29. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

30. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., coffee products.

31. The information contained in the text messages advertises Defendant's various products and promotions, which Defendant sends to promote its business.

32. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

33. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

34. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

35. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

36. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted after opting out.

37. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages after opting out.

38. Plaintiff has no existing business relationship with Defendant.

39. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least August 26, 2025, when Plaintiff responded to Defendant with "STOP".

40. Plaintiff is the subscriber and sole user of the 1460 Number and is financially responsible for phone service to the 1460 Number.

41. Plaintiff's 1460 Number is her residential number which she uses for personal purposes.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. The text messages originated from telephone number 71319, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

44. Plaintiff registered her 1460 Number with the national do-not-call registry on July 3, 2003, and has been registered at all times relevant to this action.

45. On information and belief, Defendant sough a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to devise business from these messages.

46. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

47. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

48. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

49. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

50. Plaintiff brings this case on behalf of the following Classes defined below:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**
>
> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

51. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

52. Upon information and belief, Defendant has placed **text message solicitations** to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

53. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

54. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);
b) Whether Defendant violated 47 C.F.R. § 64.1200(d);
c) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;
d) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

e) Whether Defendant has any written policies for maintaining an internal do not call lists;

f) Whether Defendant's conduct was knowing and willful;

g) Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

h) Whether Defendant is liable for damages, and the amount of such damages; and

i) Whether Defendant should be enjoined from such conduct in the future.

55. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>TYPICALITY</u>**

56. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>**

57. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**<u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>**

58. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

60. Plaintiff repeats and realleges the paragraphs 1 through 59 of this Complaint and incorporates them by reference herein.

61. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call

registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

63. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

64. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

65. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

66. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

67. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

68. Plaintiff re-alleges and incorporates paragraphs 1 through 59 as if fully set forth herein.

69. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

70. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.
>
> 47 C.F.R. § 64.1200(d)(3), (6).

71. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.
>
> 47 C.F.R. § 64.1200(e).

72. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

73. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

74. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

75. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

76. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

78. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

79. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Classes Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: October 11, 2025

Respectfully submitted,

**SHAMIS & GENTILE P.A.**
*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
AZ Bar No. 037343
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel: (305) 479-2299

*Counsel for Plaintiff and the Classes*